UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

1

2

3 CHARLOTTE MARIE HODGES,                          Case No.: 2:20-cv-00893-APG-DJA

4        Petitioner

                                                  **Order**
5 v.

6 DWIGHT NEVEN, et al.,

7        Respondents

8

9        I previously dismissed Charlotte Marie Hodges' *pro se* petition for writ of habeas corpus

10 without prejudice as unexhausted, and judgment was entered. ECF Nos. 6-8.  Hodges has filed a

11 motion for relief from judgment and a motion to stay the case. ECF Nos. 9 and 10.  As discussed

12 below, I grant both motions.

13        Rule 60(b) entitles the moving party to relief from judgment on several grounds,

14 including the catch-all category "any other reason justifying relief from the operation of the

15 judgment." Fed.R.Civ.P. 60(b)(6).  A motion under subsections (b)(4-6) must be brought "within

16 a reasonable time." Fed.R.Civ.P. 60(c)(1).

17        In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the

18 discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims:

19        [S]tay and abeyance should be available only in limited circumstances.  Because
         granting a stay effectively excuses a petitioner's failure to present his claims first
20       to the state courts, stay and abeyance is only appropriate when the district court
         determines there was good cause for the petitioner's failure to exhaust his claims
21       first in state court.  Moreover, even if a petitioner had good cause for that failure,
         the district court would abuse its discretion if it were to grant him a stay when his
22       unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An
         application for a writ of habeas corpus may be denied on the merits,
23       notwithstanding the failure of the applicant to exhaust the remedies available in
         the courts of the State").

*Rhines,* 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.  The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.  *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Hodges indicated on the face of her petition that she had a state postconviction habeas corpus petition pending. *See* ECF No. 7, p. 1.  She now alleges in her motion that she was misled into thinking that she could not appeal her sentence. ECF No. 9, p. 2.  I also take judicial notice of the Supreme Court of Nevada's docket, and Hodges appears to have an appeal of the denial of her state postconviction petition pending. *See* Nevada Supreme Court Case No. 81425.  Hodges now asks me to treat the petition as a protective petition.  She further explains that it is unclear whether her state postconviction petition was timely filed, she is unsure of the calculation of the AEDPA one-year time limit under 28 U.S.C. § 2241(d)(1), and she thus has reasonable confusion about whether she will face a time bar in federal court without a stay of these proceedings ECF No. 9, p. 2.

In *Pace v. DiGuglielmo*, 544 U.S. 416 (2005), the Supreme Court of the United States stated that a "petitioner's reasonable confusion about whether a state filing would be timely will

2

1  ordinarily constitute good cause for him to file in federal court." The Court indicated that a

2  petitioner facing the "predicament" that could occur if she is waiting for a final decision from the

3  state courts as to whether her petition was "properly filed" should file a "protective" federal

4  petition and ask the federal court for a stay and abeyance. In this regard, petitioner's pro se

5  federal petition was appropriately filed as a protective petition. Hodges has demonstrated good

6  cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it.

7  It is unclear whether her state postconviction petition, which includes claims of deprivation of

8  appeal and ineffective assistance of counsel, will be deemed timely filed. Accordingly, a stay

9  and abeyance of this federal habeas corpus proceeding is appropriate. Further, the grounds of the

10 petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second

11 prong of the *Rhines* test. And I have no indication that Hodges engaged in dilatory litigation

12 tactics. I thus conclude that Hodges has satisfied the criteria for a stay and abeyance under

13 *Rhines*. The order dismissing the petition is vacated, the case is reinstated, and this federal

14 habeas action is stayed pending the resolution of Hodges' state postconviction proceedings.

15         I THEREFORE ORDER that my order dated September 24, 2020 **(ECF No. 6) is**

16 **VACATED**.

17         I FURTHER ORDER the Clerk to **REOPEN** this case.

18         I FURTHER ORDER the Clerk to **ELECTRONICALLY SERVE** the petition (ECF

19 No. 7) on the respondents.

20         I FURTHER ORDER the Clerk to add Aaron D. Ford, Nevada Attorney General, as

21 counsel for the respondents and provide the respondents an electronic copy of all items

22 previously filed in this case by regenerating the Notice of Electronic Filing to the office of the

23 AG only.

1    I FURTHER ORDER that the petitioner's motion for relief from judgment/motion for

2  stay and abeyance **(ECF Nos. 9 and 10) are both GRANTED**.

3    I FURTHER ORDER that this action is **STAYED** pending final resolution of the

4  petitioner's state postconviction habeas petition.

5    I FURTHER ORDER that the grant of a stay is conditioned upon the petitioner returning

6  to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur

7  by the Supreme Court of Nevada at the conclusion of the state court proceedings on the

8  postconviction habeas petition.

9    I FURTHER ORDER the Clerk to **ADMINISTRATIVELY CLOSE** this action until the

10 court grants a motion to reopen the matter.

11    Dated: April 23, 2021

12

13    _____

    U.S. District Judge Andrew P. Gordon

14

15

16

17

18

19

20

21

22

23

4