UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLOTTE MARIE HODGES,<br><br>    Petitioner<br><br>v.<br><br>DWIGHT NEVEN, et al.,<br><br>    Respondents | Case No.: 2:20-cv-00893-APG-DJA<br><br>**Order** |

In April 2021, I granted petitioner Charlotte Marie Hodges' motion for a stay in accordance with *Rhines v. Weber* and administratively closed this matter. ECF No. 11. Hodges' state-court proceedings have concluded, and she now seeks to reopen this case. ECF No. 15. Good cause appearing, this action is reopened.

Hodges also asks that I grant her prior motion for appointment of counsel. *See* ECF No. 15, p. 1, ECF Nos. 3, 5. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

Here, Hodges filed form motions for appointment of counsel that did not set forth any individualized bases for her motions.  Her petition presents her claims in a clear manner, and the legal claims arising from her guilty plea do not appear to be particularly complex.  Therefore, counsel is not justified, so I deny the motions.

Finally, Hodges may file an amended petition if she wishes, for example, to update the court regarding exhaustion of her claims.  I set forth a briefing schedule below.

I THEREFORE ORDER that Hodges's unopposed motion to reopen this action **(ECF No. 15) is GRANTED**.

I FURTHER ORDER the Clerk of Court to REOPEN THE FILE in this action.

I FURTHER ORDER the Clerk to REINSTATE the motions for appointment of counsel at ECF Nos. 3, 5.

I FURTHER ORDER that Hodges's two motions for appointment of **counsel (ECF Nos. 3, 5) are both DENIED**.

I FURTHER ORDER that Hodges **may file an amended petition, IF ANY, by May 23, 2022**.

I FURTHER ORDER that the respondents have **90 days** from the date of service of any amended petition to file a response to the petition.  If Hodges does not file an amended petition, the respondents have **90 days** from the date any amended petition was due to file a response to the operative petition.  Hodges will then have **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition.  Any other motions will be subject to the normal briefing schedule under the local rules.

I FURTHER ORDER the parties to send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court, Clerk of

Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label.  **No further courtesy copies are required unless and until requested by the court**.

If the respondents file a response to the petition, they must comply with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by the respondents in this case be raised together in a single consolidated motion to dismiss.  In other words, I do not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

2. The respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

3. In any answer filed on the merits, the respondents must specifically cite to and address the applicable state-court written decision and state court record materials, if any, regarding each claim within the response as to that claim; and

4. The respondents must file a set of state-court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

Dated: April 6, 2022

_____
U.S. District Judge Andrew P. Gordon