UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Charlotte Marie Hodges,<br><br>      Petitioner<br><br>v.<br><br>Dwight Neven,[1] *et al.*,<br><br>      Respondents. | Case No.: 2:20-cv-00893-APG-DJA<br><br>**Order (1) Granting Motion to Dismiss, (2) Granting Motion to Seal, (3) Denying Certificate of Appealability, and (4) Closing Case**<br><br>[ECF Nos. 31, 35] |

In her 28 U.S.C. § 2254 habeas corpus petition, Charlotte Marie Hodges challenges her conviction by way of a guilty plea to several charges including burglary, possession of stolen property, and possession of credit or debit card without consent, and her adjudication as a habitual criminal. ECF No. 26. She argues her plea counsel was ineffective for failing to investigate and failing to advise her that she would be adjudicated a habitual criminal. The respondents move to dismiss the petition as untimely. ECF No. 31. Alternatively, they argue that her claims are unexhausted and would be procedurally barred if she attempted to return to present them to the state courts. I grant the motion and dismiss the petition as untimely.

**Background**

From February to April 2017, Hodges was charged in several cases in Reno (Washoe County), Nevada stemming from a string of burglaries that included breaking into cars and stealing properly inside, attempting to use stolen credit cards, breaking into a vehicle and

---

[1] According to the state corrections department's inmate locator page, Hodges is incarcerated at Jean Conservation Camp. The department's website reflects Frank Dreesen is the warden for that facility. At the end of this order, I direct the Clerk of Court to substitute Frank Dreesen for prior respondent Dwight Neven, under Rule 25(d) of the Federal Rules of Civil Procedure.

residence, and attempting to steal mail from an apartment complex mailroom. *See* ECF No. 31 at 1-2.  The parties reached a global plea agreement.  The prosecution sought habitual criminal treatment and introduced Hodges' nine previous felony convictions. *See* Exh. 105 at 14.  The state district court adjudicated Hodges a habitual criminal and sentenced her to 10-25 years.  The judgments of conviction were entered on December 22, 2017. Exhs. 107-110.[2]

Hodges did not file a direct appeal.  She filed a state postconviction habeas corpus petition in October 2019. Exh. 111.  In December 2021, the Supreme Court of Nevada affirmed the denial of Hodge's petition as untimely, concluding that she failed to demonstrate good cause and actual prejudice to excuse the time bar. Exh. 137.

In November 2019, Hodges dispatched her federal habeas petition for filing. ECF No. 7 at 8.  I granted her motion to stay this case until after the conclusion of her state postconviction litigation. ECF No. 11.  After this case was reopened, Hodges filed an amended petition through retained counsel. ECF Nos. 19, 26.  She alleges two grounds for relief:

> Ground One:  Plea counsel was ineffective for failing to advise Hodges regarding the procedures and consequences of the habitual criminal statute and how it would affect her.  She never signed the plea agreement that includes the habitual criminal allegation, and counsel informed her that her sentence would not include time based on habitual criminal allegations because that plea agreement was never filed in court.
>
> Ground Two:  Plea counsel was ineffective for failing to investigate the whereabouts of the car where the purported evidence against Hodges was found, compared to where Hodges and her car were located.  It was impossible for the purported evidence to have been found in her car when police claim they found it.

ECF No. 26 at 6.

---

[2] The exhibits I reference are exhibits to the respondents' motion to dismiss, ECF No. 31, and are found at ECF Nos. 32-34.

The respondents now move to dismiss the amended petition as untimely and alternatively as unexhausted or procedurally barred.

## Discussion & Analysis

***Hodges did not respond to the motion to dismiss, which constitutes a consent to granting the motion.***

First, Hodges is represented by counsel, but her counsel did not respond to the motion to dismiss the petition in any way. Local Rule 7-2(d) provides that if the opposing party fails to respond to the motion, that failure constitutes a consent to the granting of the motion. So I grant the respondents' motion to dismiss on that basis.

***Hodges' petition is also untimely.***

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitation period on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time period can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Where a defendant fails to seek direct review of their judgment of conviction before the state appellate court, the one-year period begins to run 30 days after the entry of the judgment of conviction. NRAP 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012).

Here, the state district court entered the judgments of conviction on December 22, 2017. Exh. Nos. 107-110. Hodges did not file a direct appeal, so the judgments of conviction became final 30 days later, on January 22, 2018.[3] Her one-year AEDPA limitation period began to run the next day and, absent tolling, expired on January 23, 2019. 28 U.S.C. § 2244(d)(1)(A).

---

[3] The original deadline fell on Sunday, January 21, 2018.

A properly filed petition for state postconviction relief can toll the limitation period. 28 U.S.C. § 2244(d)(2).  A state petition is not deemed "properly filed" if it is untimely under state procedural rules. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005).  Under Nevada law, a habeas petition must be filed within one year after entry of the judgment of conviction if no appeal is taken. NRS 34.726(1).  When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Id.* at 414.

Hodges filed her state petition on October 17, 2019, almost two years after entry of the judgment of conviction on December 22, 2017. Exh. 111. The Supreme Court of Nevada applied the state procedural rule when it held that Hodges' petition was untimely under NRS 34.726(1). Exh. 137.

Hodges then dispatched her federal habeas petition on November 21, 2019, almost a year after the AEDPA statute of limitations had expired. ECF No. 7. She is not entitled to statutory tolling because the procedurally barred state postconviction petition was not "properly filed" as it was untimely under Nevada state law.  In Hodges' case, the October 2019 state petition could not have tolled the AEDPA statute of limitations because it had already expired in January 2019. Hodges' federal petition is untimely.

***Respondents have shown compelling reasons to grant their motion for leave to file exhibits under seal.***

The respondents have also filed a motion e to file certain exhibits *in camera* and under seal. ECF No. 35.  While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted).  In general, "compelling

reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, the respondents ask to file Hodges' presentence investigation report (PSR) and confidential medical records *in camera* and under seal because they are confidential under state law. They also contain sensitive, private information that could compromise Hodges' safety. I have reviewed the exhibits and conclude that the respondents have demonstrated compelling reasons to file them under seal. However, the documents do not appear to include information that is so sensitive to warrant *in camera* filing.[4] So I grant the motion in part, and the exhibits will remain under seal.

### *I decline to issue a certificate of appealability.*

This is a final order adverse to the petitioner. Rule 11 of the Rules Governing Section 2254 Cases requires me to issue or deny a certificate of appealability (COA). So I have *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002). A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*. Having

---

[4] While the respondents point out that they have extensive experience filing documents of this type under seal with this court, and they are correct that PSRs and medical records are frequently filed under seal, they do not explain why *in camera* treatment would be necessary.

5

reviewed my determinations and rulings in dismissing Hodges' petition, and applying these standards, I find that a certificate of appealability is unwarranted.

## Conclusion

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 31] is granted**. The petition is dismissed.

I FURTHER ORDER that the respondents' motion for leave to file exhibits *in camera* and under seal **[ECF No. 35] is granted in part**. The exhibits will remain under seal.

I FURTHER ORDER that a certificate of appealability will not issue.

I FURTHER ORDER that the Clerk of Court substitute Frank Dreesen for respondent Dwight Neven, enter judgment accordingly, and close this case.

Dated: October 31, 2023

_____
U.S. District Judge Andrew P. Gordon